CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
Email: caldwell@caldwell-leslie.com
LINDA M. BURROW, SBN 194668
Email: burrow@caldwell-leslie.com
MICHAEL D. ROTH, SBN 217464
Email: roth@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone (213) 629-9040
Facsimile (213) 629-9022

Attorneys for Defendants SHOWTIME NETWORKS INC.; TWILIGHT TIME FILMS, INC.; AGGRESSIVE MEDIOCRITY, INC.; and TOM KAPINOS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KIEDIS; CHAD SMITH; JOHN FRUSCIANTE; MICHAEL "FLEA" BALZARY, dba RED HOT CHILI PEPPERS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SHOWTIME NETWORKS INC., a Delaware corporation; TWILIGHT TIME FILMS, INC., a California corporation; AGGRESSIVE MEDIOCRITY, INC., a California corporation; TOM KAPINOS; DOES 1-100,<br><br>                    Defendants. | CASE NO. CV 07-08185 DSF (FFMx)<br><br>Honorable Dale S. Fischer<br><br>**ANSWER OF DEFENDANTS SHOWTIME NETWORKS INC., TWILIGHT TIME FILMS, INC., AGGRESSIVE MEDIOCITY, INC., AND TOM KAPINOS TO PLAINTIFFS' COMPLAINT** |

Answer

Defendants Showtime Networks Inc. ("Showtime Networks"), Twilight Films, Inc., Aggressive Mediocrity, Inc. and Tom Kapinos (collectively, "Defendants") hereby answer the Complaint filed by Plaintiffs Anthony Kiedis, Chad Smith, John Fruscante, Michael "Flea" Balzary, dba Red Hot Chili Peppers (collectively, "Plaintiffs") by admitting, denying, and alleging as follows:

## PARTIES

1. Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff Anthony Kiedis is an individual, but are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

2. Answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff Chad Smith is an individual, but are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

3. Answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff John Fruscante is an individual, but are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

4. Answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff Michael "Flea" Balzary is an individual, but are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

5. Answering Paragraph 5 of the Complaint, Defendants admit that Plaintiffs are members of the band known as the Red Hot Chili Peppers.  Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

CALDWELL
LESLIE &
PROCTOR

Answer

6. Answering Paragraph 6 of the Complaint, Defendants admit that Showtime Networks is a Delaware corporation and a wholly owned subsidiary of CBS Corporation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in this Paragraph.

7. Answering Paragraph 7 of the Complaint, Defendants admit the allegations in this Paragraph.

8. Answering Paragraph 8 of the Complaint, Defendants admit the allegations in this Paragraph.

9. Answering Paragraph 9 of the Complaint, Defendants admit that Tom Kapinos is an individual residing in Los Angeles County, California, and that he is a creator, writer, and executive producer of a television show titled "Californication." Except as expressly admitted herein, Defendants deny each and every remaining allegation in this Paragraph.

10. Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

11. Answering Paragraph 11 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

## GENERAL ALLEGATIONS

12. Answering Paragraph 12 of the Complaint, Defendants admit that Plaintiffs are members of the band known as the Red Hot Chili Peppers. Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

13. Answering Paragraph 13 of the Complaint, Defendants admit that Plaintiffs recorded a song titled "Californication" that was included on their album entitled "Californication." Defendants are without information or knowledge

sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

14. Answering Paragraph 14 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the allegations in this Paragraph and, on such basis, deny each and every allegation in this Paragraph.

15. Answering Paragraph 15 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the allegations in this Paragraph and, on such basis, deny each and every allegation in this Paragraph.

16. Answering Paragraph 16 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the allegations in this Paragraph and, on such basis, deny each and every allegation in this Paragraph.

17. Answering Paragraph 17 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the allegations in this Paragraph and, on such basis, deny each and every allegation in this Paragraph.

18. Answering Paragraph 18 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the allegations in this Paragraph and, on such basis, deny each and every allegation in this Paragraph.

19. Answering Paragraph 19 of the Complaint, Defendants admit that they produce, create, distribute, and/or air a television series entitled "Californication" (the "Series"). Except as expressly admitted herein, Defendants deny each and every remaining allegation in this Paragraph.

20. Answering Paragraph 20 of the Complaint, Defendants deny that a character in the Series is nicknamed "Dani California," but admit that a character was referred to in passing as "Dani California." Defendants further admit that Plaintiffs recorded a song titled "Dani California." Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

CALDWELL LESLIE & PROCTOR

-3-

Answer

21. Answering Paragraph 21 of the Complaint, Defendants admit that Showtime Networks has made use of the internet, billboards, print media, and television for purposes of advertising the Series. Defendants further admit that Showtime Networks intends to release a DVD edition of the first season of the Series and intends to promote the release to consumers through various media. Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

22. Answering Paragraph 22 of the Complaint, Defendants admit that compilations of music heard in the Series (the "Soundtrack") are available for sale on iTunes and that the title of the Soundtrack includes the word "Californication." Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

23. Answering Paragraph 23 of the Complaint, Defendants admit that the Soundtrack is available for sale on iTunes. Defendants further admit that the albums recorded by, and songs performed by, Plaintiffs are available for sale on iTunes. Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in this Paragraph and, on such basis, deny each and every remaining allegation in this Paragraph.

**FIRST CLAIM FOR RELIEF**

24. Answering Paragraph 24 of the Complaint, Defendants incorporate their responses to Paragraphs 1-23 of the Complaint, inclusive.

25. Answering Paragraph 25 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

26. Answering Paragraph 26 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

27. Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

29. Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

## SECOND CLAIM FOR RELIEF

31. Answering Paragraph 31 of the Complaint, Defendants incorporate their responses to Paragraphs 1-30 of the Complaint, inclusive.

32. Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

33. Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

34. Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

35. Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

37. Answering Paragraph 37 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

## FIFTH CLAIM FOR RELIEF

38. Answering Paragraph 50 of the Complaint, Defendants incorporate their responses to Paragraphs 1-37 of the Complaint, inclusive.

39. Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

40. Answering Paragraph 52 of the Complaint, Defendants deny each and every allegation set forth in this Paragraph.

## PRAYER

1. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

2. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

3. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

4. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

5. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

6. Defendants deny each and every allegation set forth in this Paragraph, and that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, and without conceding that they bear the burden of proof as to any of these issues, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each claim attempted to be set forth therein, fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE
## (Unclean Hands)

2. Plaintiffs are barred by the doctrine of unclean hands from obtaining any of the relief they seek in their Complaint.

## THIRD AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

3. Assuming that any loss, injury or damage occurred as Plaintiffs allege, which Defendants expressly deny, Plaintiffs have failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE
## (Waiver)

4. Plaintiffs are barred by the doctrine of waiver from obtaining any of the relief they seek in their Complaint.

## FIFTH AFFIRMATIVE DEFENSE
## (Laches)

5. Plaintiffs are barred by the doctrine of laches from obtaining any of the relief they seek in their Complaint.

## SIXTH AFFIRMATIVE DEFENSE
## (Superseding Causation)

6. Assuming that any loss, injury or damage occurred as Plaintiffs allege, which Defendants expressly deny, that loss, injury, or damage was proximately caused and contributed to by persons other than Defendants, including without limitation, Plaintiffs. Such other causation was an intervening and superseding cause of the purported loss, injury, or damage of which Plaintiffs now complain.

CALDWELL
LESLIE &
PROCTOR

Answer

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

7. Plaintiffs' allegations and claims against Defendants for punitive damages are violative of the protections afforded by the due process clauses of the United States and California Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

8. The Complaint, and each claim attempted to be set forth therein against Defendants, is barred by the doctrines of justification and privilege.

## NINTH AFFIRMATIVE DEFENSE
### (First Amendment)

9. The Complaint, and each claim attempted to be set forth therein against Defendants, is barred by the First Amendment to the United States Constitution and Article 1 of the California Constitution.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

10. The Complaint, and each claim attempted to be set forth therein against Defendants, is barred because Plaintiffs lack standing to assert the claims alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

11. The Complaint, and each claim attempted to be set forth therein against Defendants, is barred by the fair use doctrine.

## TWELFTH AFFIRMATIVE DEFENSE
## (Estoppel)

12. The Complaint, and each claim attempted to be set forth therein against Defendants, is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Speculative Damages)

13. The damages alleged in Plaintiffs' Complaint are impermissibly remote and speculative, and, therefore, Plaintiffs are barred from the recovery of any such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (No Right to Injunctive Relief)

14. The Complaint, and each claim attempted to be set forth therein against Defendants, fails to state facts sufficient to entitle Plaintiffs to injunctive relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Adequate Legal Remedy)

15. The Complaint, and each claim attempted to be set forth therein against Defendants, fails to state facts sufficient to entitle Plaintiffs to injunctive relief because Plaintiffs have an adequate legal remedy for the damages they allegedly incurred.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Abandonment)

16. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because, to the extent Plaintiffs had rights in the word "Californication," Plaintiffs have abandoned those rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Generic or Descriptive Mark)

17. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because Plaintiffs' alleged "Californication" mark is generic and descriptive and not entitled to protection.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

18. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because Plaintiffs' alleged "Californication" mark lacks secondary meaning.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Not True Owner)

19. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because Plaintiffs are not the true owners of the alleged "Californication" mark.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

20. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because there is no likelihood of confusion between Plaintiffs' alleged mark and Defendants' use of the word "Californication."

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Invalid Trademark)

21. The Complaint, and each claim attempted to be set forth therein against Defendants, fails because Plaintiffs lack a valid trademark for the uses at issue in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Waiver of Any Affirmative Defenses)

22. Defendants' assertion of specific affirmative defenses herein does not constitute a waiver of any other affirmative defenses not asserted herein, and Defendants reserve the right to assert any applicable affirmative defenses disclosed by their investigation and discovery in this matter.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That judgment be entered dismissing Plaintiffs' Complaint;
3. That Defendants be awarded their costs and disbursements incurred in the defense of this suit, including reasonable attorneys' fees, to the extent allowed by law; and

For such other and further relief as this Court may deem just and proper.

DATED: March 11, 2008        Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC


By _____/s/_____
   LINDA M. BURROW

Attorneys for Defendants SHOWTIME NETWORKS INC.; TWILIGHT TIME FILMS, INC.; AGGRESSIVE MEDIOCRITY, INC.; and TOM KAPINOS